**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **WALTER MAY, II,** : | **CIVIL ACTION NO. 1:07-CV-1787** |
| : | |
| **Plaintiff** : | **(Judge Conner)** |
| : | |
| v. : | |
| : | |
| **P.A. JONES,** : | |
| : | |
| **Defendant** : | |

## MEMORANDUM

Plaintiff Walter May, II ("plaintiff"), an inmate housed at the State Correctional Institution at Smithfield, Huntingdon, Pennsylvania, commenced this civil rights action on October 1, 2007, naming P.A. Jones as the sole defendant. (Doc. 1.) Presently before the court is defendant's motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 15.) Also pending is plaintiff's motion for a hearing on the motion. (Doc. 37.) For the reasons set forth below, defendant's motion to dismiss will be denied and plaintiff's motion for a hearing on the motion will be denied as moot.

**I.    Allegations of the Complaint**

On May 29, 2007, plaintiff signed up for sick call seeking treatment for an excruciating migraine headache that was causing him to vomit. (Doc. 1, at 2, ¶ 9.) The following day, defendant came to plaintiff's cell seeking a $4.00 payment for the sick call visit. Plaintiff refused to authorize payment "because it is a chronic problem." (Id. at ¶ 10.) Defendant refused to evaluate plaintiff. (Id.) Plaintiff signed up three more times that week and was denied sick call all three times

because he refused to authorize payment for medical treatment.  (Id. at ¶ 11.)  He alleges that the severe chronic headaches he experiences constitute a serious medical condition and that he suffered in severe pain for thirteen days due to defendant's refusal to treat him.  (Id. at 3, ¶ 12.)

## II.     Motion to Dismiss

### A.     Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).  Although the court is generally limited in its review to the facts in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice pleading rules require the complaint to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Sershen v. Cholish, No. 3:07-CV-1011, 2007 WL 3146357, at *4 (M.D. Pa. Oct. 26, 2007) (quoting Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007)).  The plaintiff  must

present facts that, if true, demonstrate a plausible right to relief.  See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007) (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"); Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007).  Thus, courts should not dismiss a complaint for failure to state a claim if it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory."  Montville Twp. v. Woodmont Builders, LLC, 244 Fed. Appx. 514, 517 (3d Cir. 2007) (quoting Twombly, ___ U.S. at ___, 127 S. Ct. at 1969).  Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

**B.    Discussion**

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials.  See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law,

suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  To demonstrate a prima facie case of Eighth Amendment cruel and unusual punishment based on the denial of medical care, as is alleged here, a plaintiff must establish that defendants acted "with deliberate indifference to his or her serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976); Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993).  There are two components to this standard:  First, a plaintiff must make an "objective" showing that the deprivation was "sufficiently serious," or that the result of the defendant's denial was sufficiently serious.  Additionally, the plaintiff must make a "subjective" showing that defendant acted with "a sufficiently culpable state of mind."  Wilson v. Seiter, 501 U.S. 294, 298 (1991); see also Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).  The "deliberate indifference to serious medical needs" standard is obviously met when pain is intentionally inflicted on a prisoner, when the denial of reasonable requests for medical treatment exposes the inmate to undue suffering or the threat of tangible residual injury, or when, despite a clear need for medical care, there is an  intentional refusal to provide that care.  See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (quoting White v. Napoleon, 897 F.2d 103, 109 (1990); Monmouth County Corr. Inst. Inmates v. Lensario, 834 F.2d 326, 346 (3d Cir. 1987).

Plaintiff alleges that defendant's refusal to provide medical treatment for a serious medical condition on at least four occasions because he refused to authorize payment constituted deliberate indifference to his serious medical needs.  Such

4

allegations clearly satisfy the "deliberate indifference to serious medical needs" standard. It is defendant's position that he had the right to refuse plaintiff medical treatment because the prison had the right to charge a modest fee for healthcare (Doc. 19, at 2-3, citing Reynolds v. Wagner, 128 F.3d 166, 171, 174 (3d Cir. 1997). Although it has been held that there is nothing unconstitutional about a program that requires that inmates with adequate resources pay a small portion of their medical care, a determination of whether the refusal to provide care due to lack of payment constitutes deliberate indifference involves consideration of the inmate's ability to pay for medical services and an in depth analysis of the prison's payment policy. Tillman v. Lebanon County Corr. Facility, 221 F.3d 410, 418-19 (3d Cir. 2000), Reynolds, 128 F.3d at 171, 174. Because this argument requires consideration of facts beyond the pleadings, it cannot be resolved on a motion to dismiss. Rather, it is more appropriately the subject of a properly supported summary judgment motion. See FED. R. CIV. P. 56. Consequently, defendant's motion to dismiss plaintiff's Eighth Amendment claim will be denied.

Defendant next seeks dismissal of the state law claims on the ground that plaintiff failed to state a violation of the Constitution of the Commonwealth of Pennsylvania. (Doc. 19, at 3.) Plaintiff states that he never alleged such a claim. (Doc, 28, at 2, ¶ 3.) Accordingly, defendant's motion to dismiss this claim will also be denied.

### III.   Motion for a Hearing

Denial of defendant's motion to dismiss renders the request for a hearing on the motion moot.

### IV.   Conclusion

Based on the foregoing, defendant's motion to dismiss will be denied in its entirety and plaintiff's motion for a hearing will be denied as moot. An appropriate order follows.

      S/ Christopher C. Conner  
      CHRISTOPHER C. CONNER  
      United States District Judge

Dated:      August 20, 2008

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WALTER MAY, II,** | : | **CIVIL ACTION NO. 1:07-CV-1787** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **P.A. JONES**, | : | |
| **Defendant** | : | |

## **ORDER**

AND NOW, this 20th day of August, 2008, in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. Defendant's motion to dismiss (Doc. 15) pursuant to Federal Rule of Civil Procedure 12(b)(6) is DENIED in its entirety.

2. Plaintiff's motion for a hearing (Doc. 37) is DENIED as moot.

3. Defendant shall file an answer or appropriate pretrial motion within twenty days of the date of this order.

                                                   S/ Christopher C. Conner
                                                   CHRISTOPHER C. CONNER
                                                   United States District Judge