**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WALTER MAY, II,** | : | **CIVIL ACTION NO. 1:07-CV-1787** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **P.A. JONES,** | : | |
| | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 20th day of August, 2008, upon consideration of plaintiff's motion for reconsideration (Doc. 30) of the order of court (Doc. 26) denying plaintiff's motions for miscellaneous relief and to compel, and it appearing that plaintiff fails to set forth any of the grounds that would warrant reconsideration, North River Ins. Co. v. Cigna Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995) (citations omitted) ("A proper motion to alter or amend judgment must rely on one of three major grounds: '(1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or], (3) the need to correct clear error [of law] or prevent manifest injustice.'"), and merely reargues matters addressed by the court and disposed of in the previous order (Doc. 133), see Waye v. First Citizen's Nat'l Bank, 846 F. Supp. 310, 314 (M.D. Pa.) ("A motion for reconsideration is not to be used to reargue matters already argued and disposed of."), aff'd, 31 F.3d 1174 (3d Cir. 1994); see also Database America, Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citations omitted) ("A party seeking reconsideration must show more than a disagreement with the

Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'"), it is hereby ORDERED that plaintiff's motion for reconsideration (Doc. 30) is DENIED.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge