IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WALTER MAY, II,** | : CIVIL ACTION NO. 1:07-CV-1787 |
| Plaintiff | : (Judge Conner) |
| v. | : |
| **P.A. JONES,** | : |
| Defendant | : |

## **MEMORANDUM**

Presently pending is plaintiff's motion (doc. 61) seeking to rescind a recent order of court (doc. 58) or, in the alternative, to recuse the undersigned. For the reasons that follow, the motion will be denied.

**I.   Background**

In an effort to facilitate the orderly progression of the litigation, the court issued an order on October 20, 2008, denying plaintiff's motion for summary judgment as premature because the parties had not yet engaged in discovery. (Doc. 58.) The denial was without prejudice to plaintiff's right to re-file the motion at the conclusion of discovery. (Id.)

**II.   Discussion**

A.   Rescission of Order

In seeking to rescind the order, plaintiff argues that his motion should have been stayed, not denied. However, he fails to recognize that the denial of summary judgment was without prejudice to his right to re-file the motion at the conclusion

of discovery. He has not been prejudiced in any way. Consequently, his request to rescind the order will be denied.

    B.    <u>Recusal</u>

Pursuant to 28 U.S.C. § 455(a), a judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." <u>In re Kensington Int'l Ltd.</u>, 368 F.3d 289, 301 (3d Cir. 2004). Under § 455(b)(1), a judge is also required to recuse himself "[w]here he has a personal bias or prejudice concerning a party." Under either subsection, the bias necessary to require recusal generally "must stem from a source outside of the official proceedings." <u>Liteky v. United States</u>, 510 U.S. 540, 554 (1994); <u>Selkridge v. United of Omaha Life Ins. Co.</u>, 360 F.3d 155, 167 (3d Cir. 2004) (beliefs or opinions which merit recusal must involve an extrajudicial factor). The Third Circuit has repeatedly observed that "a party's displeasure with legal rulings does not form an adequate basis for recusal." <u>Securacomm Consulting, Inc. v. Securacom Inc.</u>, 224 F.3d 273, 278 (3d Cir. 2000) (citing <u>In re TMI Litig.</u>, 193 F.3d 613, 728 (3d Cir. 1999) and <u>Jones v. Pittsburgh Nat'l Corp.</u>, 899 F.2d 1350, 1356 (3d Cir. 1990)). Hence, the court must consider whether attacks on a judge's impartiality are simply subterfuge to circumvent anticipated adverse rulings. <u>In re Antar</u>, 71 F.3d 97, 101 (3d Cir. 1995); <u>Alexander v. Primerica Holdings, Inc.</u>, 10 F.3d 155, 162 (3d Cir. 1993). <u>See also</u> <u>Conklin v. Warrington Twp.</u>, 476 F. Supp.2d 458, 462-464 (M.D. Pa. 2007).

Significantly, the denial of the motion for summary judgment was without prejudice to plaintiff's right to re-file the motion. The record is devoid of evidence that would lead a reasonable person with knowledge of all the facts to conclude that the undersigned would act in a partial manner. Also lacking is any evidence that would lead one to conclude that there exists personal bias or prejudice. Rather, plaintiff's request for recusal is a transparent attempt to circumvent what he perceives to be an adverse judicial ruling. Plaintiff's motion will be denied.

An appropriate order follows.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:     November 5, 2008

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WALTER MAY, II**, | : | **CIVIL ACTION NO. 1:07-CV-1787** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **P.A. JONES**, | : | |
| **Defendant** | : | |

## **ORDER**

AND NOW, this 5th day of November, 2008, in accordance with the foregoing memorandum, it is hereby ORDERED that plaintiff's motion seeking to rescind an order of court or, in the alternative, to recuse the undersigned (doc. 61) is DENIED.

                                            S/ Christopher C. Conner
                                            CHRISTOPHER C. CONNER
                                            United States District Judge