IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WALTER MAY, II,** | : | **CIVIL ACTION NO. 1:07-CV-1787** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **P.A. JONES,** | : | |
| **Defendant** | : | |

## MEMORANDUM

Presently pending is a motion for appointment of counsel filed by plaintiff, Walter May II ("plaintiff"). (Doc. 83). Also pending is defendant's motion for summary judgment. (Doc. 84.) For the reasons set forth below, the motion for appointment of counsel will be conditionally granted and further briefing on defendant's motion for summary judgment will be stayed.

Although indigent litigants have no constitutional or statutory rights to appointment of counsel in a civil case, the court has broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993); see also Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002). "The district court must consider as a threshold matter the merits of the plaintiff's claim." Tabron, 6 F.3d at 155. Next, if a claim has arguable merit, "[t]he plaintiff's ability to present his or her claim is, of course, a significant factor that must be considered in determining whether to appoint counsel." Id. at 156. "If it appears that an indigent plaintiff with a claim of arguable merit is incapable of presenting his or her case, serious consideration should be given to the appointing of

counsel . . . and if such a plaintiff's claim is truly substantial, counsel should ordinarily be appointed." Id.

Under Tabron, the following additional factors must be considered by the court: "the difficulty of the particular legal issues;" "the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation;" whether "a case is likely to turn on credibility determinations;" whether "the case will require testimony from expert witnesses;" and "whether an indigent plaintiff could obtain counsel on his or her own behalf." Id. at 156, 157 n.5.

The Tabron Court also held that the "appointment of counsel under § 1915(d) may be made at any point in the litigation. . . ." Id. at 156. Finally, it was recognized that "courts have no authority to compel counsel to represent an indigent civil litigant," id. at 157 n.7, and cautioned against the indiscriminate appointment of counsel in view of the limited supply of competent attorneys willing to accept such appointments. Id. at 157.

Recent developments in plaintiff's mental condition weigh in favor of appointment of counsel in this case. According to plaintiff, "[o]n 12/8/08 [he] was court ordered to a five day commitment to a mental health unit." (Doc. 83, at 1, ¶ 1.) At the expiration of the five days, he was court ordered to another twenty-day commitment. (Id. at 1, ¶ 2.) Most recently, "on 1/2/09 the plaintiff was court ordered to another one hundred and twenty day commitment to a mental health unit," which will expire on or about May 1, 2009. (Id., at 1, ¶¶ 3, 4.) The court has confirmed that plaintiff is being held in the mental health unit at the State

Correctional Institution at Cresson, Cresson, Pennsylvania.  He states that he has good reason to believe that when this commitment expires in May, he will receive another commitment.  (Id. at ¶ 4.)  He further states that he is no longer able to effectively litigate this case.  (Id. at 2, ¶ 5.)  He does not have access to his case documents or notes (they are at his previous place of incarceration, SCI-Smithfield), and no access to the law library "to research to prepare his briefs, or defend against defense counsel's filings."  (Id. at 2, ¶¶ 6, 7.)  Significantly, after the date of plaintiff's commitment, defendant filed a motion for summary judgment. (Doc. 84).

Given the above, in accordance with this court's *Pro Bono* Attorney program, the motion to appoint counsel will be conditionally granted.  It must be emphasized that while the court will seek to appoint counsel pursuant to its authority under 28 U.S.C. § 1915(e)(1), the court does not have authority to compel counsel to take his case.  See Tabron, 6 F.3d at 157 n.7.  Plaintiff is advised that if the court is unable to appoint counsel in this matter, the conditional order for appointment of counsel will be revoked, and he will be required to proceed with his case without counsel.  An appropriate order follows.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:       January 22, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WALTER MAY, II,** | : | **CIVIL ACTION NO. 1:07-CV-1787** |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **P.A. JONES**, | : | |
| | : | |
| **Defendant** | : | |

## **ORDER**

AND NOW, this 22nd day of January, 2009, upon consideration of plaintiff's motion for appointment of counsel (Doc. 83), it is hereby ORDERED that:

1. In accordance with this court's *Pro Bono* Attorney program, plaintiff's motion (Doc. 83) is CONDITIONALLY GRANTED.

2. The Clerk of Court is directed to FORWARD a copy of this order; the complaint (Doc. 1); the memorandum and order of court dated August 20, 2008 (Doc. 43); and defendant's motion for summary judgment and supporting documents (Docs. 84-86), to the *pro bono* chair of the Middle District of Pennsylvania Chapter of the Federal Bar Association.

3. Within thirty days from the date of this order, the *pro bono* chair of the Middle District of Pennsylvania Chapter of the Federal Bar Association shall NOTIFY the court in writing whether a volunteer attorney will enter his or her appearance on behalf of plaintiff.

4. Any further briefing on defendant's pending motion for summary judgment (Doc. 84) is hereby STAYED until further order of court.

5. If counsel cannot be found to represent plaintiff within a reasonable period of time, the conditional order for appointment of counsel will be revoked, and plaintiff will be required to proceed with his case without counsel.

         S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge