# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WALTER MAY, II,** | : | **CIVIL ACTION NO. 1:07-CV-1787** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **P.A. JONES,** | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 22nd day of January, 2009, upon consideration of various motions filed by plaintiff (Docs. 68, 70, 74, 78, 82), it is hereby ORDERED that:

1. Plaintiff's motion requesting appointment of an expert witness (Doc. 68) to establish that his migraine headaches rise to a serious medical need as required by the Eighth Amendment is DENIED. Plaintiff's allegations of experiencing "an excruciating migraine headache that was causing the plaintiff to vomit from the pain," and "[t]he pain was so bad the plaintiff couldn't eat or sleep for two days" are sufficient to meet this threshold requirement.[1]  (Doc. 1, at 2, ¶ 9).

2. Plaintiff's motion to compel (Doc. 70) is GRANTED in part and DENIED in part.

---

[1] A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that a layperson would recognize the need for a doctor's attention. Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).  In addition, "if 'unnecessary and wanton infliction of pain' results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the eighth amendment." Id. (quoting Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)).

      a.    The motion is GRANTED in that defendant is ordered to respond to interrogatories 1-7 and 11-23 within twenty days of the date of this order.²

      b.    The motion (Doc. 70) is DENIED to the extent that plaintiff seeks sanctions because defendants did not timely respond to his requests for answers to interrogatories and document production requests (Doc. 70, at 2). Plaintiff conceded that the responses were timely (Doc. 79, at 1.)

      The motion is further DENIED with respect to his request to compel production of certain documents. The court has reviewed the responses and deems them appropriate.

3.    Plaintiff's motion for a preliminary injunction (Doc. 74) is DENIED as moot as plaintiff is no longer incarcerated at the State Correctional Institution at Smithfield.³

4.    Plaintiff's motion for sanctions (Doc. 78) is DENIED.

5.    Plaintiff's motion for a stay (Doc. 82) is DENIED as moot in light of the prior order of court staying any briefing on defendant's pending motion for summary judgment until further order of court.

        S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge

---

² It is evident from the recently submitted motion for summary judgment (Doc. 85-2, at 15-42) that defendant is now in possession of plaintiff's medical records and is able to competently respond to plaintiff's interrogatories.

³ A prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he seeks to challenge. See Weaver v. Wilcox, 650 F.2d 22, 27 n.13 (3d Cir. 1981) (prisoner's transfer from the prison moots claims for injunctive and declaratory relief with respect to prison conditions, but not claim for damages). After the motion was filed, plaintiff was transferred to the State Correctional Institution at Cresson.